UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Pizzo, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case Number: |
| FIC America Corporation, | § § § | |
| Defendant. | § | Jury Trial Demanded |

# COMPLAINT

NOW COMES the Plaintiff, Michael Pizzo (hereinafter, "Plaintiff") through counsel, brings the following claims under the Fair Labor Standards Act hereinafter, "FLSA"), 29 U.S.C. § 201 et seq., the Illinois Minimum Wage Law, 820 ILCS § 105/1 et seq., and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq, against his former employer, FIC America Corporation. In support thereof, Plaintiff states as follows:

## NATURE OF THE CASE

1. Plaintiff, a former employee of Defendant corporation, brings this action to redress violations of several workplace laws by the corporation during his employment. Chief among these was Defendant's willful refusal to pay the overtime (1.5x) rate for work performed in excess of 40 hours in a week. Plaintiff complained to Defendant about the lack of overtime pay, and Plaintiff was subsequently discharged in retaliation. Plaintiff seeks his lost overtime wages, and all other damages available under the statutes authorizing his claims.

## JURISDICTION AND VENUE

2. This Honorable Court has subject matter jurisdiction over the federal wage claims through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce).

3. This Honorable Court has supplemental jurisdiction over Plaintiff's claims sounding in the Illinois Minimum Wage Law, 820 ILCS § 105/1 et seq., the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq., through 28 U.S.C. § 1367 because they are so related to Plaintiff's claim within such original jurisdiction that they form part of the same case or controversy under Article 111 of the United States Constitution.

4. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 139l(b), because the facts and events giving rise to Plaintiffs claims occurred in this judicial district.

## PARTIES

5. Plaintiff Michael Pizzo is an individual who was employed with the Defendant FIC America Corporation ("FIC") from September 16, 2013 until April 27, 2014. His job title was "FIC Production Supervisor".

6. Upon information and belief, FIC is a domestic corporation, incorporated under the laws of the state of Illinois. It does business out of a location at 485 E. Lies

Rd., Carol Stream, IL, 60188, DuPage County, which was the location Plaintiff was employed at.

7. Defendant FIC is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(l), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(l)(A). On information and belief, Defendant FIC has annual gross sales of $500,000.00 or more.

## Background Facts

8. Plaintiff was informed by FIC in its offer letter to him that he would be paid an annual salary of $43,500, and that he would be paid on a bi-weekly basis.

9. Plaintiff's pay statements show that he was actually paid an hourly rate of $20.92 for each hour worked, until March 31, 2014, after which he was paid $22.17 per hour.[1]

10. Plaintiff was paid the straight-time rate even for time he worked exceeding 40 hours in one week.

11. Over the course of Plaintiff's employment, Plaintiff worked approximately 405.75 hours of "overtime", i.e., hours of work exceeding 40 hours in a week.

12. Plaintiff complained to Human Resources on one or more occasions during his employment that he was not being paid overtime wages. Defendant informed Plaintiff that such practice would not change.

13. Plaintiff was terminated in retaliation for his complaints about overtime in April 2014, for the pretextual reason that he had engaged in misconduct.

---

[1] The $20.92/hour and $22.17/hour rates will be referred to as the "straight-time rate".

14. Plaintiff's counsel contacted Defendant's counsel in March 2015, to request negotiation and settlement of the unpaid overtime due to Plaintiff. Defendant's counsel responded on April 1, 2015 and stated that Defendant's position was that Plaintiff was exempt under the FLSA through the "executive" exemption, and declined to negotiate further.

15. Plaintiff's job duties were such that he was not exempt, under the "executive" exemption, or otherwise, under the FLSA.

### COUNT I – FAILURE TO PAY OVERTIME
### IN VIOLATION OF THE FLSA
### (by Plaintiff individually and on behalf of other employees similarly situated)

16. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

17. Plaintiff and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

18. Defendants did not compensate Plaintiff or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

19. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week violated the FLSA.

20. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

    i. Determine that this action may be maintained as a collective action pursuant to the FLSA.

    ii. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees in excess of forty (40) hours in individual work weeks;

    iii. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

    iv. Declare Defendants to be in violation of the FLSA;

    v. Enjoin Defendants from violating the FLSA;

    vi. Award reasonable attorneys' fees and costs; and

    vii. Grant such additional or alternative re1ief as this Court deems just and proper.

## COUNT II – FAILURE TO PAY OVERTIME
### IN VIOLATION OF THE IMWL

21. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

22. Plaintiff and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

23. Defendants did not compensate Plaintiff or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

24. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week violated the IMWL.

25. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the IMWL.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

  i. Enter a judgment in the amount of overtime wages due to Plaintiff as provided by the IMWL;

  ii. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

  iii. Declare that Defendants have violated the TMWL;

  iv. Enjoin Defendants from violating the IMWL;

  v. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

  vi. Grant such other and further relief as this Honorable Court deems just and proper.

### COUNT III – FAILURE TO PAY WAGES AND FINAL COMPENSATION IN VIOLATION OF THE IWPCA

26. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

27. FIC is an "employer" within the meaning of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/2, because FIC is a corporation located in Illinois with more than one employee, and makes wage payments to employees.

28. At all relevant times, Mr. Pizzo was an "employee" of FIC within the meaning of the IWPCA: he was an individual permitted to work by the employer in an occupation, and under the control and direction of FIC over the performance of his work.

29. Under Section 3 of the IWPCA, every employer is required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period. 820 ILCS 115/3.

30. The term "wages" is defined for the purposes of the IWPCA as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation". 820 ILCS 115/2.

31. The term "final compensation" under the Act includes wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the separated employee by the employer pursuant to an employment contract or agreement between the two parties. 820 ILCS 115/2.

32. Final compensation must be paid to an employee on the date of separation, or no later than the next regularly scheduled payday. 820 ILCS 115/2.

33. FIC and the other named Defendants have failed on numerous occasions over the course of Mr. Pizzo's employment to pay him all wages, and more specifically all overtime wages, earned during the relevant semi-monthly pay periods.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

    i.    Enter a judgment in the amount of earned wages and final compensation due to Plaintiff as provided by the IWPCA;

    ii.    Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 115/14.

    iii.    Declare that Defendants have violated the IWPCA;

    iv.    Enjoin Defendants from violating the IWPCA;

    v.    Award reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

    vi.    Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT IV– RETALIATION
### IN VIOLATION OF THE FLSA

34. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

35. The FLSA prohibits the discharge of any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter. 29 U.S.C. § 215. This includes internal complaints to an employer. See *Kasten v. Saint-Gobain Performance Plastics Corp.*, 703 F.3d 966, 973 (7th Cir. 2012); *Kasten v. Saint-Gobain Performance Plastics Corp.*, 570 F.3d 834, 838 (7th Cir. 2009) vacated and remanded on other grounds, 131 S. Ct. 1325 (2011).

36. Plaintiff complained to the Defendant on one or more occasions regarding its failure to pay overtime wages.

37. Plaintiff was terminated by Defendant in retaliation for his complaints about overtime pay.

**WHEREFORE**, Plaintiff prays this Court award him:

    i.    Back pay and benefits from the date of his termination;

    i.    Reinstatement or front pay;

    ii.    Award Plaintiff his attorney's fees and costs of prosecution of this claim,

    iii.    Statutory pre- and post- judgment interest on all earned wages and on all final compensation.

    iv.    Such other and further relief, general or special, at law or in equity, as justice requires.

### COUNT V – RETALIATION
### IN VIOLATION OF THE IWPCA

38. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

39. Section 14(c) of the IWPCA prohibits an employer from discriminating or otherwise retaliating against an employee for making a complaint to his employer that he has not been paid in accordance with the provisions of the IWPCA.

40. Mr. Pizzo exercised his right under the IWPCA when complained to the Defendant on one or more occasions regarding its failure to pay overtime wages.

41. Defendant FIC unlawfully retaliated by firing Plaintiff because he complained to Defendants about overtime wages.

**WHEREFORE**, Plaintiff prays this Court award him:

i. Back pay and benefits from the date of his termination;

i. Reinstatement or front pay;

ii. Award Plaintiff his attorney's fees and costs of prosecution of this claim,

iii. Statutory pre- and post- judgment interest on all earned wages and on all final compensation.

iv. Such other and further relief, general or special, at law or in equity, as justice requires.

Respectfully Submitted,

Michael Pizzo,

By: /s/ Kevin F. O'Connor.
    Attorney for Plaintiffs

Kevin F. O'Connor (ARDC #6300449)
Ryan O. Estes (ARDC #6312755)
O'Connor | O'Connor, P.C.
110 E. Schiller St., Ste 306
Elmhurst, IL 60126
Tel. 630-903-6397
Fax. 630-658-0336
kevin@oconnor-oconnor.com
ryan@oconnor-oconnor.com